UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **AARON SMITH**, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>**SILVERSTAR DELIVERY, LTD.**, **AMAZON.COM, LLC**, and **AMAZON.COM SERVICES, INC.**,<br><br>    Defendants. | Case No. 2:18-cv-10501-DML-RSW<br><br>Judge David M. Lawson<br><br>Magistrate Judge R. Steven Whalen<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Aaron Smith ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendants Amazon.com, LLC and Amazon.com Services, Inc. (collectively, "Amazon") and Silverstar Delivery Ltd. ("Silverstar") (collectively, "Defendants"), individually and on behalf of all similarly situated individuals, and states as follows:

## INTRODUCTION

1.    This is a collective action brought by Plaintiff on his own behalf and on behalf of all similarly situated current and former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

## JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

3.    This Court has personal jurisdiction over Defendants because Defendants do business within the State of Michigan.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

1

substantial part of the events or omissions giving rise to the claims occurred in this District.

5.  Plaintiff resides in this District.

6.  Plaintiff worked for Defendants in this District during the relevant time period.

## PARTIES

7.  During the relevant time period, Plaintiff was a non-exempt driver employed by Defendants delivering items purchased from Amazon.com to the customers who purchased those items. His written consent to join this action is attached as Exhibit 1.

8.  Plaintiff was hired in or around November 2016 and his employment ended in or around June 2017.

9.  Plaintiff worked at a facility owned and/or operated by Amazon and located at 19991 Brownstown Center Drive, Brownstown, MI 48184.

10. Silverstar is an Illinois Corporation that operates a carrier and logistics business and, among other activities, provides trucks and/or drivers to deliver goods for its client companies' customers in Michigan, including customers of Amazon in Michigan.

11. Amazon is a Delaware company that is an electronic commerce and cloud computing company and one of the largest internet retailers in the world.

12. At all relevant times, Amazon has been associated with and/or related to Silverstar with respect to Plaintiff and other similarly situated employees such that Amazon is a "joint employer" of Plaintiff and other similarly situated employees in that, *inter alia*:

   a.  After being hired, Plaintiff and other similarly situated employees were provided training by Amazon;

   b.  Amazon has authority to make decisions regarding the hiring, retention, and termination of Plaintiff and similarly situated employees;

   c.  Each day, Plaintiff and other similarly situated employees report to a warehouse operated by Amazon where vehicles are loaded with Amazon

      products and where they receive work instruction and direction from Amazon personnel;

d.   Plaintiff and other similarly situated employees are required to wear Amazon-branded uniforms, including hats and shirts bearing the Amazon logo;

e.   At the end of the day, Plaintiff and other similarly situated employees are required to report delivery issues directly to Amazon;

f.   On information and belief, Amazon tracks the performance of Plaintiff and other similarly situated employees; and

g.   On information and belief, Amazon has procedures in place to evaluate and discipline Plaintiff and similarly situated employees.

## **COVERAGE UNDER THE FLSA**

13.   At all relevant times, Defendants were and are each an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.   At all relevant times, Defendants were and are each an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.   At all relevant times, Defendants were and are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1).

16.   At all relevant times, Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-207.

## **COLLECTIVE ACTION ALLEGATIONS**

17.   Plaintiff brings this action on behalf of himself and other similarly situated employees who were not paid for all hours worked and were not paid an overtime premium for all hours worked over 40 in a workweek.

18. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

**All current and former drivers paid by Silverstar Delivery, Ltd. who delivered for Amazon in Michigan from February 12, 2015 through the date of judgment.**

19. Plaintiff seeks conditional and final certification of this collective action under 29 U.S.C. § 216(b).

20. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated employees.

21. There are many similarly situated current and former drivers who have been underpaid in violation of the FLSA and who would benefit from issuance of Court-supervised notice of this lawsuit and the opportunity to join the lawsuit. Thus, notice should be sent to FLSA collective action members pursuant to 29 U.S.C. § 216(b).

22. The similarly situated employees are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## FACTS

23. Silverstar operates a carrier and logistics business and, among other activities, provides trucks and drivers to deliver goods for Amazon to Amazon customers in Michigan.

24. At all relevant times, Silverstar and Amazon have been associated and/or related to one another with respect to Plaintiff and other similarly situated employees such that they are "joint employers" of Plaintiff and other similarly situated employees.

25. Plaintiff and other similarly situated employees worked for Defendants as drivers delivering items purchased from Amazon to customers who purchased the items.

26. During their employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

27. During his employment, Plaintiff routinely worked between fifty (50) and sixty (60) hours in individual workweeks, and sometimes even in excess of sixty (60) hours in an individual workweek.

28. Defendants suffered or permitted Plaintiff and other similarly situated employees to work in excess of 40 hours in individual workweeks without paying them overtime at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

29. Defendants suffered or permitted Plaintiff and other similarly situated employees to work "off-the-clock" without compensation. Specifically, Plaintiff and other similarly situated employees were required to arrive at Amazon's facility at least 30 minutes before the scheduled start of their shift to pick up their route assignment, pick up their vehicle keys, perform a pre-trip inspection of their vehicle, and drive their vehicle around the building to a loading dock.

30. Plaintiff and other similarly situated employees did not clock in before performing this work, which further resulted in Defendants failing to pay them one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

31. Plaintiff and other similarly situated employees did not receive an appropriate overtime premium for hours the worked over 40 in a workweek.

32. Defendants were aware or should have been aware of the overtime requirements of the FLSA.

33. Defendants nonetheless suffered or permitted Plaintiff and other similarly situated employees to work off-the-clock each day, resulting in them not being paid overtime for all hours worked over 40 in a workweek.

34. Defendants knew, or acted with reckless disregard for whether, Plaintiff and other

similarly situated employees worked in excess of 40 hours in individual workweeks without receiving overtime at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek and also acted with reckless disregard for whether Plaintiff and other similarly situated employees worked off-the-clock.

35. Defendants' failure to pay overtime to Plaintiff and other similarly situated employees was, and is, a willful violation of the FLSA.

36. Defendants have also failed, and continue to fail, to maintain proper time records as mandated by the FLSA in that they did not properly record all hours worked, including all overtime hours, of Plaintiff and other similarly situated employees.

## COUNT I
## FLSA – FAILURE TO PAY OVERTIME WAGES
## (PLAINTIFF AND FLSA COLLECTIVE)

37. Plaintiff re-alleges and incorporates all previous paragraphs herein.

38. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek.  29 U.S.C. § 207.

39. By failing to pay Plaintiff and other similarly situated employees for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendants violated the FLSA.

40. Defendants did not act in good faith when they engaged in the above-mentioned conduct.

41. By engaging in the above-mentioned conduct Defendants willfully, knowingly, and/or recklessly violated the FLSA.

42. Because of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them

6

pursuant to the FLSA.

## COUNT II
## FLSA – FAILURE TO KEEP RECORDS
## (PLAINTIFF AND FLSA COLLECTIVE)

43. Plaintiff re-alleges and incorporates all previous paragraphs herein.

44. The FLSA requires an employer to keep records of all hours worked each workday and the total hours worked each workweek by its non-exempt employees. 29 U.S.C. § 211(c), 29 C.F.R. § 516.2(a)(7).

45. By suffering and permitting Plaintiff and other similarly situated employees to work off-the-clock without compensation and without their hours being accurately recorded, Defendants violated the FLSA.

46. Defendants did not act in good faith when they engaged in the above-mentioned conduct.

47. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

48. Because of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated individuals, prays that this Honorable Court:

    a. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

    b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

c. Declare that Defendants willfully violated the FLSA as set forth above;

d. Award Plaintiff and similarly situated employees actual damages for unpaid wages;

e. Award Plaintiff and similarly situated employees liquidated damages in an amount equal to the unpaid wages found due;

f. Award reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

g. Award pre- and post-judgment interest to Plaintiff on these damages; and

h. Grant such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated March 14, 2017            s/ *Amy E. Keller*

Amy E. Keller (No. P74015)
Laura E. Reasons (to seek *pro hac vice* admission)
**DICELLO LEVITT & CASEY**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Fax: (312) 253-1443
akeller@dlcfirm.com
lreasons@dlcfirm.com

Kenneth P. Abbarno (to seek *pro hac vice* admission)
Mark M. Abramowitz (to seek *pro hac vice* admission)
**DICELLO LEVITT & CASEY**
7556 Mentor Ave.
Mentor, Ohio 44060
Telephone: (440) 953-8888
Fax: (440) 953-9138
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*Counsel for Plaintiff*